KESSLER, P.J.[1]
¶1 Team Property Management, LLC appeals an order of the circuit court granting partial damages against Stephanie Houston. TPM contends that the circuit court erred in denying its entire motion for costs and rent owed. We affirm.
BACKGROUND
¶2 Stephanie Houston rented the upper portion of a duplex owned by TPM from January 2011 through November 2015. Houston paid $1100 as a security deposit and $1175 per month in rent, reduced from $1290 if paid on the first of every month. John Niemczyk, the sole member of TPM, lived in the lower unit.
¶3 On October 19, 2015, TPM filed an eviction action. TPM alleged that Houston turned the heat and electricity off and that a person not named on the lease was living with Houston, in violation of the lease agreement. TPM sought double rent from September 25, 2015 onward and damages. Houston raised counterclaims, alleging retaliatory eviction and failure to return her security deposit.
¶4 A damages hearing was held on September 27, 2017. Niemczyk, as TPM's representative, testified at length about the damages he sought. Among the many sources of damages, Niemczyk testified that Houston owed: five months' rent, doubled,[2] along with penalty fees; costs for damages incurred to the refrigerator, shower and carpet; costs associated with changing the premises locks; costs for debris removal; and labor. The court awarded TPM $2875.90, plus costs, noting that Niemczyk did not provide evidence of many of the actual costs incurred, and that Niemczyk failed to mitigate his damages. The court also denied Houston's counterclaims. This appeal follows.
DISCUSSION
¶5 On appeal, TPM argues that the circuit court "contravene[d] WIS. STAT. §[ ]704.07(3)," which "mandate[s]: that the landlord may perform the repairs and the tenant must pay the reasonable cost thereof." TPM overstates its rights.
¶6 WISCONSIN STAT. § 704.07(3)(a) actually provides:
If the premises are damaged, including by an infestation of insects or other pests, due to the acts or inaction of the tenant, the landlord may elect to allow the tenant to remediate or repair the damage and restore the appearance of the premises by redecorating. However, the landlord may elect to undertake the remediation, repair, or redecoration, and in such case the tenant must reimburse the landlord for the reasonable cost thereof; the cost to the landlord is presumed reasonable unless proved otherwise by the tenant.
TPM argues that because Houston failed to prove that Niemczyk's costs were unreasonable, the circuit court erroneously restricted his damages to fifty-three days of lost rent and limited damages. TPM also urges us to overturn established case law in support of its position.[3]
¶7 In Boelter v. Tschantz , 2010 WI App 18, ¶10, 323 Wis. 2d 208, 779 N.W.2d 467, we noted that " WISCONSIN STAT. § 704.07(3) requires tenants who damage the premises to 'reimburse the landlord for the reasonable cost thereof; the cost to the landlord is presumed reasonable unless proved otherwise by the tenant.' Importantly, the statute allows reimbursement only for actual costs incurred." The circuit court found that much of Niemczyk's testimony involved speculation about labor costs and the property's ability to be rented following Houston's eviction. The court also found, with regard to the carpet replacement costs TPM sought, that TPM did not actually replace the carpet for a significant amount of time following Houston's eviction; thus, TPM did not actually incur replacement costs for the carpet under § 704.07(3). We agree that Niemczyk's lengthy testimony does not include support for any actual costs incurred, save for the costs awarded by the circuit court. The record is devoid of any receipts or itemized statements to support TPM's claims. The circuit court took notes during Niemczyk's testimony, addressed each cost sought by TPM, and ultimately reached a mathematical determination based on what it found reasonable and credible. We therefore affirm the circuit court's factual determination that TPM is entitled to $2875.90 plus costs. See WIS. STAT. § 805.17(2) (We pay proper deference to the circuit court's assessment of the weight and credibility of the evidence and uphold factual findings unless clearly erroneous.).[4]
By the Court. -Order affirmed.
This opinion will not be published. WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Houston moved out in November 2015. TPM alleged that Houston was also responsible for rent from November 2015 through March 2016 pursuant to a "non-winter move out clause" in the lease, which prohibited tenants from moving out during that time period.

We remind TPM that this court has no authority to overturn its own published opinions. See Cook v. Cook, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997).

TPM also argues that it is entitled to punitive damages. TPM provides no support for this contention and we therefore do not address this argument. TPM also contends that the circuit court erred in allowing Houston to testify because Houston filed her witness list two days after the scheduling order. We decline to address this issue because the circuit court already did so at a pretrial conference when it determined that it would not sanction Houston for a scheduling order violation because TPM also violated the order. See State v. Blalock , 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (We address cases on the narrowest possible grounds.).